FRANK SMITH v. WILMINGTON AND WELDON RAILROAD CO.

(Decided May 29, 1900.)

*Damages—Evidence—Statement of Case on Appeal.*

1. In enumerating to the jury the grounds for damages to the plaintiff, none should be stated unless supported by evidence.

2. Where there is uncertainty apparent on the face of the statement on appeal as to facts in evidence, a new trial upon the whole case will be awarded and not confined simply to the issue as to damages.

CIVIL ACTION to recover damages for personal injury sustained in obeying orders by the plaintiff, an employee of the defendant company, tried before *Adams, J.,* at June Special Term, 1898, of SAMPSON Superior Court.

The allegation of the plaintiff was that he and a fellow workman were engaged in cutting a "break beam" by "blocking" which was the usual and safe way, they were suddenly required, a slug or chip severed by the cold-chisel and hammer that mode, and to cut and prepare said "brake-beam" by "chipping," an unnecessary and dangerous method. They obeyed at once, but immediately upon adopting the method required a slug or chip severed by the cold-chisel and hammer was hurled with great force into his right eye, rendering it useless and occasioning him great pain. There was a verdict for the plaintiff, and judgment for $3,000.

Defendant excepted and appealed.

The grounds of exception are stated in the opinion.

*Messrs. Junius Davis,* and *H. L. Stevens,* for appellant.

*Messrs. Armistead Jones, Womack & Hayes,* (and *E. W.* and *J. D. Kerr,* and *F. R. Cooper,* by brief), for appellee.

MONTGOMERY, J.  This action was brought by the plaintiff to recover damages against the defendant company for a personal injury sustained by the plaintiff while in the performance of work for the defendant, which the plaintiff alleges was dangerous, and the character of which was unknown to him at the time he sustained the injury.

On the issues of damages his Honor instructed the jury that if the plaintiff was entitled to recover at all, he was entitled to recover such damages as would compensate him for the loss of his time, for the money paid out by him for medical attention, for the physical pain he had suffered, for the mental anguish he had endured, and for the deterioration in his labor as a carpenter.

We have carefully read, over and again, every line of the evidence, and there is not a word in reference to the time lost by the plaintiff, nor of any money paid out by him for any medical attendance, nor of any mental anguish endured by him.  There was therefore error in that instruction, for which there must be a new trial.

We would restrict this new trial to the issue as to the damages the plaintiff is entitled to recover, but for the fact that we have grave doubts as to whether the case on appeal is the real case as it was tried.  When this case was first called a letter was read by the counsel of the defendant from his Honor, Judge Adams, who tried the case below, in which it was stated that a part of the testimony of the plaintiff, to-wit:  "Since my injury, I have heard Nelms say it (the work) was dangerous, and he said he had told the officers of the company that it was dangerous.  Nelms went to my boarding house after I was hurt, and he said during that visit that he told the company it was dangerous at the time they gave him the orders to change the work," ought not to have been embraced in the case on appeal..  His Honor further wrote that his notes did not show such testimony, and

that he had no recollection of the same. His language was, "I have no recollection of this evidence, and am confident the witness did not so testify, and did not intend to include it in the case on appeal." A *certiorari* was granted by this Court, and the cause is now here upon the statement of the case made up by Judge Adams in response to the *certiorari,* with the same testimony of Smith, the plaintiff, included. The certificate of Judge Adams is in the following words: "After the foregoing case was settled, as above shown, and upon affidavit having been filed with me, I was of the opinion that there had been a mistake made with reference to the testimony of Frank Smith. Since that time I have carefully gone over the notes of the testimony, and after considering the numerous affidavits on both sides as to what the witness swore to, and after hearing argument on both sides, I now certify the foregoing as a correct statement of the case on appeal." If this was the only matter which the defendant had a right to complain of, it might not be sufficient to warrant the Court in sending the matter back for a new trial. But as the case is to be tried again because of the error, as we have seen, in the instruction which was given to the jury on the question of damages, we are decidedly of the opinion that the new trial should not be restricted to the trial of the issue on damages. Of course we intend no reflection upon his Honor, Judge Adams; but the whole matter shows that his own recollection of the testimony was not like that of the various persons who made affidavits in reference to the matter, and that he acted because of the effect produced on his mind by the number of the affidavits and the positiveness of their statements and the argument of counsel of the defendant. He did not state that his recollection had been refreshed or that his notes contained the testimony. He was in doubt.

New trial.