P. E. YOUNG v. S. I. LEVIN.

(Filed 5 January, 1938.)

1. **Damages § 10—Charge held erroneous as including for jury's consideration elements of damage not supported by allegation or evidence.**

   The only allegations and evidence on the issue of damages were to the effect that at the time of the assault complained of, plaintiff was suffering from a disease and that the assault greatly aggravated plaintiff's condition and that plaintiff's health had been damaged thereby in a large sum. *Held:* A charge that the jury might consider plaintiff's mental and physical pain and medical and hospital expenses on the issue of actual damage is error, such elements of damage not being supported by allegation or evidence.

2. **Appeal and Error § 39e—**

   Where a charge erroneously includes for the jury's consideration elements of damage not supported by allegation or evidence, a new trial will be awarded, since it may not be determined on appeal whether the verdict was affected by the error.

APPEAL by defendant from *Hill, Special Judge,* at May Term, 1937, of ALAMANCE. New trial.

This is a civil action to recover damages for personal injuries alleged to have been proximately caused by an unlawful assault upon the plaintiff by the defendant.

The plaintiff's evidence tended to show that on 6 September, 1935, the plaintiff went to a building owned by the defendant to remove scales which belonged to the plaintiff, that in removing the scales plaintiff overlooked and left in the building a draft rod, a part of the scales, that plaintiff returned to the defendant's office to procure the draft rod, and when he notified defendant he had come for the rod defendant informed him he could not have the rod until he (plaintiff) had repaired the opening left in the floor of the building from which the scales had been taken, that an argument ensued between the plaintiff and defendant, and that defendant seized plaintiff about the throat and choked him; that a skin disease, known as psoriasis, from which the plaintiff was suffering, was greatly aggravated by the assault, and that the plaintiff was thereby hindered and stopped in his work, and required to expend money for treatment.

The defendant's evidence tended to show that he was in lawful possession of the draft rod, and that he did no more than was reasonably necessary to defend and maintain such possession, and only touched the coattail of the plaintiff in making such defense, and in no way injured the plaintiff.

The issues were answered in favor of the plaintiff, and from judgment in accord with the verdict, the defendant appealed, assigning errors.

*John J. Henderson for plaintiff, appellee.*
*Louis C. Allen for defendant, appellant.*

SCHENCK, J.  The defendant's eleventh exceptive assignment of error is to the following excerpt from the charge:

"The court instructs you if the plaintiff is entitled to recover actual damages in this case, he would be entitled to recover such sum as you find from the evidence, and by its greater weight, represents actual or compensatory damages sustained by him in consequence of and as the proximate result of defendant's wrongful, unlawful conduct.  In a case of this nature these damages are understood to embrace and include a fair and reasonable compensation for any physical injury, if plaintiff has sustained any such injury, a fair and reasonable compensation for mental and physical pain and suffering, if plaintiff has sustained any such; and doctors, hospital, and medical expenses, if the plaintiff has sustained any such, and at the time of the injuries complained of in the action being tried if the plaintiff was suffering from a previous injury or a previous disease, and that injury or that disease was aggravated and

increased by the defendant's wrongful conduct in the action being considered by the jury, then the jury would have the right to take into consideration such increased or aggravated condition, and allow a fair or reasonable compensation for that, . . ."

This assignment of error must be sustained, since there is neither allegation of nor evidence tending to prove that the plaintiff endured any mental pain or suffering, or sustained any expense of doctors or hospitals as the result of the alleged assault. *Smith v. R. R.,* 126 N. C., 712, and cases there cited.

The only element of actual damages alleged is, "That in the condition aforesaid (suffering from psoriasis) the vicious attack made upon this plaintiff by the defendant resulted in severe, serious, and permanent injury, in that it greatly aggravated, accentuated, and accelerated plaintiff's condition," and the general allegation, "That by reason of the assault hereinbefore set forth, plaintiff's health has been damaged as hereinbefore set out in the sum of at least $5,000."

The only evidence of actual damage is the plaintiff's testimony as follows: "This occurrence there in Mr. Levin's office aggravated my condition. I don't know how to explain its effect on my nervous system. Fear and excitement will make it spread. I was much better in 1935, due to the treatments. Since this assault, I have had a very hard time to control the condition. I have not been able to control it. My condition has gotten very much worse. It is very itching. You can see all these scars and eruptions. About eighty per cent of my body is involved by this disease. At the time of this occurrence only about thirty per cent of my body was involved. Since the time of this occurrence my nervous condition has been so bad that I have found it hard to carry on my business and the treatment to my disease is not effective. By reason of that I have been hindered or stopped in my work. I have been required to expend money for treatment."

The foregoing allegations and evidence do not sustain the charge that plaintiff could recover for mental suffering, or for expenses of doctors or hospitals.

While, as was said in *Worley v. Logging.Co.,* 157 N. C., 490, wherein it was held error to charge the jury that they could consider as an element of damage loss of mental powers of the plaintiff when there was no evidence of such loss, it may be doubtful that the verdict was affected thereby, we cannot say it was not, and under the authorities in this State the instruction was erroneous.

For the error assigned there must be a

New trial.